2006-NMCA-041

*131 P.3d 693*

**Kennith and Edna HURLEY, husband and wife, Plaintiffs–Appellants,**

v.

**VILLAGE OF RUIDOSO, a New Mexico Municipality, Defendant–Appellee.**

**No. 25,572.**

Court of Appeals of New Mexico.

Feb. 27, 2006.

Richard A. Hawthorne, P.A., Richard A. Hawthorne, Ruidoso, NM, for Appellants.

H. John Underwood, Ltd., Zach Cook, Ruidoso, NM, for Appellees.

## OPINION

FRY, Judge.

{1} This case presents us with the opportunity to clarify whether municipalities are subject to statutes of limitations. In this declaratory judgment action, Plaintiffs Kennith and Edna Hurley appeal from an order granting summary judgment in favor of the Village of Ruidoso, determining that the Village's claim of lien was not time barred. The district court reasoned that the statutes of limitations could not be pleaded as a defense against the Village's claim because the Village was a subdivision of the State of New Mexico, against which statutes of limitations do not run. We hold that the Village is subject to statutes of limitations, and we therefore reverse the district court's order granting summary judgment in favor of the Village.

## BACKGROUND

{2} The material facts are undisputed. Plaintiffs alleged in their complaint that they owned two residential lots in the Village, which they sold to third parties. The third parties defaulted, and Plaintiffs foreclosed the mortgage and bought the property at the foreclosure sale. Plaintiffs alleged that the third parties had failed to pay water and sewer fees, and the Village recorded a claim of lien against the property on March 20, 2000. In the process of selling the property,

Plaintiffs discovered the lien and on March 23, 2004, demanded that the Village release the lien because the statutes of limitations had expired. The Village refused, and Plaintiffs paid the debt to release the lien. Plaintiffs subsequently filed a complaint for declaratory relief on the statutes of limitations issue and for the return of their payment. The Village responded that the statutes of limitations could not be pleaded against it. Both parties moved for summary judgment, and the district court entered summary judgment in favor of the Village. This appeal followed.

## DISCUSSION

{3} We review the district court's grant of summary judgment de novo. *Self v. United Parcel Serv., Inc.*, 1998–NMSC–046, ¶ 6, 126 N.M. 396, 970 P.2d 582. We address only one legal issue in this appeal: whether or not the four-year statutes of limitations set forth in NMSA 1978, § 37–1–4 (1880), can be pleaded as a defense to a claim for a municipal water lien.

■ {4} The Village argued successfully to the district court that Plaintiffs could not raise the statutes of limitations as a defense because the Village is an auxiliary of the State, and, therefore, that this case is governed by the general common law rule that statutes of limitation do not run against the State. *See Bd. of Educ. v. Standhardt*, 80 N.M. 543, 549, 458 P.2d 795, 801 (1969); *see also Valdez v. Valdez (In re Valdez)*, 136 B.R. 874, 876 (Bankr.D.N.M. 1992). The general common law rule, as expressed in *Standhardt*, is

> that statutes of limitations do not run against the state unless the statute expressly includes the state or does so by clear implications, but will run against county and other political subdivisions, including school districts, unless such may be deemed to be an arm of the state because of the particular governmental functions or purposes involved.

80 N.M. at 549, 458 P.2d at 801; *see also In re Valdez*, 136 B.R. at 876.

{5} In *Standhardt*, our Supreme Court addressed the question of whether a school board could bring an action against a company after the statutes of limitations had run on the school board's claim. 80 N.M. at 548, 458 P.2d at 800. In analyzing this issue, the Court construed and applied the statute now compiled as NMSA 1978, § 37–1–19 (1880), which provides that statutes of limitations apply to "actions brought by or against all bodies corporate or politic, except when otherwise expressly declared." The Court reasoned that while the common law rule protects the State from statutes of limitations, the statute, Section 37–1–19, makes statutes of limitations applicable in actions involving other political subdivisions. *Standhardt*, 80 N.M. at 550, 458 P.2d at 802. In construing the equivalent statute to Section 37–1–19, the Court determined that a political subdivision would only be immune from the statutes of limitations when the State was the real party in interest in the claim brought by or against that subdivision. *Standhardt*, 80 N.M. at 550, 458 P.2d at 802. That reasoning was subsequently applied by the Court in *State ex rel. Stratton v. Alto Land & Cattle Co.*, 113 N.M. 276, 824 P.2d 1078 (Ct.App.1991), *superseded by statute on other grounds*, NMSA 1978, § 47–6–2 (2005), *as recognized in State ex rel. Udall v. Cresswell*, 1998–NMCA–072, ¶ 3, 125 N.M. 276, 960 P.2d 818. In *Alto Land & Cattle Co.*, the Court determined that the state was a real party in interest in an action brought by Lincoln County because under the relevant statute, the Attorney General was authorized to bring the action. Accordingly, the action was not time-barred. 113 N.M. at 285–86, 824 P.2d at 1087–88.

{6} Relying on *Standhardt*, Plaintiffs point out that the Village is a "body corporate or politic" under NMSA 1978, § 3–18–1 (1972), which defines municipalities. Because Section 37–1–19 expressly states that statutes of limitations apply to bodies corporate or politic, Plaintiffs argue, the Village is not immune from Plaintiffs' statute-of-limitations defense. In addition, Plaintiffs maintain that the Village has not demonstrated that the State was the real party in interest in a municipal water lien.

■ {7} The Village makes two arguments in response, neither of which suggests that the State is the real party in interest in this

action. The Village contends that more recent case law has held that municipalities are auxiliaries of the State and that, consequently, it should be immune from statutes of limitations. Specifically, the Village draws our attention to our Supreme Court's opinion in *Morningstar Water Users Ass'n, Inc. v. Farmington Municipal School,* 120 N.M. 307, 316–20, 901 P.2d 725, 734–38 (1995). In that case, the Court addressed whether the City of Farmington was a government entity for the purposes of the Procurement Code. *See* NMSA 1978, § 13–1–98(A), (D) (2005). *Morningstar Water Users Ass'n, Inc.* determined that the City of Farmington was an "auxiliary of the state government." 120 N.M. at 316, 901 P.2d at 734. We are not persuaded by the Village's argument that the rationale of *Morningstar Water Users Ass'n, Inc.* affects our analysis of when municipalities are subject to or immune from statutes of limitations. That case focused only on whether the parties could be considered as governmental entities for the purposes of the Procurement Code, NMSA 1978, §§ 13–1–28 to –199 (1984, as amended through 2005). It did not address the question of how far common law governmental immunity can be extended.

{8} The Village also argues that in determining that bodies corporate or politic—such as school districts, counties, and other political subdivisions—are not immune from statutes of limitations, the *Standhardt* court relied on the governmental-proprietary doctrine, which was rejected in *Morningstar Water Users Ass'n, Inc.,* 120 N.M. at 320, 901 P.2d at 738. "[T]he governmental-proprietary distinction was a judicial attempt to diminish the unfair consequences of sovereign immunity." *Id.* at 312, 901 P.2d at 730. In making this distinction, courts attempted to discern whether a municipality was acting as a governmental or a business-like entity to determine whether it was immune. *Id.* at 311–12, 901 P.2d at 729–30. This was not the analysis employed in *Standhardt.* The *Standhardt* court did not rely on the subsequently rejected governmental-proprietary doctrine to determine whether the school board was immune from the statutes of limitations, but on a statute, Section 37–1–19, that "expressly provides that the limitations will run against all bodies corporate or politic." *Standhardt,* 80 N.M. at 550, 458 P.2d at 802. Then, in construing Section 37–1–19, the *Standhardt* court clarified that bodies corporate and politic are immune from statutes of limitations only when the state is the real party in interest in the litigation. 80 N.M. at 549–50, 458 P.2d at 801–02. Indeed, the Court expressly stated that it was not applying the subsequently-rejected governmental-proprietary doctrine:

> Since our statute ... expressly provides that the limitations will run against all bodies corporate or politic we need not determine whether such bodies were exercising governmental functions or concerned with public rights in bringing the action; our only concern is whether the plaintiff is the real party in interest....

*Id.* at 550, 458 P.2d at 802.

{9} We are not persuaded by the Village's arguments that it is immune from the statutes of limitations, and we agree with Plaintiffs that Section 37–1–19 expressly states that statutes of limitations apply to all bodies corporate or politic, such as the Village.

## CONCLUSION

{10} Because the Village, a municipality, is a body corporate or politic and because it has not demonstrated that the State was a real party in interest in this case, the Village was subject to the four-year statutes of limitations set forth in Section 37–1–4. Accordingly, Plaintiffs were entitled to (1) a declaratory judgment that the statutes of limitations had run on the Village's lien and, (2) a return of their payment.

{11} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE, Chief Judge, and JAMES J. WECHSLER, Judge.